Filed 2/24/14  P. v. Wormley CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. RONALD WORMLEY, Defendant and Appellant. | A139577 (San Mateo County Super. Ct. No. SCO72217A) |

Defendant Ronald Wormley appeals from the order of the San Mateo Superior Court denying his motion for early termination of probation and dismissal of the charges against him.  His appellate counsel raises no issues and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  In accordance with *Wende* and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), defendant was informed of his right to file a supplemental brief, which he has not done.  Upon independent review of the record, we conclude no arguable issues are presented for review and affirm the order.

**BACKGROUND**

In November 2010, the San Mateo County District Attorney charged defendant by information with petty theft of the East Palo Alto Home Depot in violation of Penal Code section 666[1] (punishment for subsequent conviction of petty theft after prior theft crime conviction), having been convicted of, and served a term for, three prior violations of

---

[1] All statutory references herein are to the Penal Code unless otherwise stated.

section 666, which occurred in 1991, 1998, and 2007, and a violation of section 496 (receiving or concealing stolen property) in 1991. The information further alleged pursuant to section 1203, subdivision (e)(4) (barring grant of probation except in unusual cases) that defendant had been convicted of three prior felonies, they being violations of Health and Safety Code section 11351.5 (possession of cocaine base for sale) in 2004 and 1989, and a violation of section 666 in 1991.

Initially, defendant was represented by a public defender, but the court granted defendant's motion, made pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, for appointment of new counsel. Although the record indicates that defendant's *Marsden* motion was denied, appellate counsel states in a declaration attached to his *Wende* brief: "With respect to the *Marsden* hearing . . . , [defendant] has confirmed to me that it was resolved in his favor and different counsel was appointed on his behalf as he requested."

Defendant, after first entering a plea of not guilty, sought in April 2011 to change his plea to one of no contest to a violation of section 666, a felony. After he was advised of his legal and constitutional rights, maximum penalties and the consequences of pleas and admissions, the court accepted his plea and found him guilty of the charge. It found defendant had made a knowing and intelligent waiver of his legal and constitutional rights, he had freely and voluntarily entered his plea, and the plea had a factual basis. The remaining special allegations as to priors and/or overt acts were stricken.

The court suspended imposition of sentence and granted defendant supervised probation for three years, subject to certain terms and conditions that were accepted by defendant. These included that he pay a $200 probation revocation fine, which was stayed pending successful completion of probation; a fine of $200 to the restitution fund; a criminal conviction assessment of $30; a court security surcharge fee of $40; and a supervised probation fee of $75 per month, which was not a condition of probation. Defendant was to serve 120 days in county jail, with credit for time served, and subject to all standard conditions of probation.

In June 2011, defendant was granted a modification of probation to stay his commitment to county jail until July 9, 2011, with all previously ordered terms and conditions to remain in effect, all of which defendant accepted.

Almost two years later, in May 2013, defendant appeared in propria persona to request that he not be required to call in to report as part of his probation and for his probation to be terminated. He told the court that, upon his release from jail, he had been told he did not have to report to probation, but only had to pay the fine, which he had paid. The court denied his request for modification without prejudice, and appointed a private defender to represent him and file a formal motion on his behalf.

In June 2013, defendant, through his appointed counsel, filed a motion requesting, pursuant to sections 1203.3, subdivision (a) and 1203.4, subdivision (a), that his probation be terminated and discharged early, he be permitted to withdraw his no contest plea and enter a plea of not guilty, and the court set aside the guilty verdict and dismiss the charges against him. Defendant asserted that he had been told upon his release from jail that he would not be required to report to probation, but simply was required to pay his fine and stay out of trouble. He did so, but probation notified him in January 2013 that he was then required to report. Although he did so by telephone, it was difficult for him to make calls from his East Palo Alto home to his South San Francisco probation officer because he was indigent and South San Francisco was outside the permitted calling range of his limited phone service. This forced him to borrow a phone, which was difficult and a great source of stress and inconvenience to him.

Defendant further asserted that he had complied with his conditions of probation for over two years and paid his fines, was a model citizen who had volunteered at least 15 hours a week at the AIDS Community Research Consortium (ACRC) in Redwood City, where he volunteered for the food delivery program, counseled and supported ACRC clients for classes and events, and helped develop a community garden.

The probation officer and the People opposed defendant's motion. In a June 14, 2013 probation memo to the court, Joyce Reese, deputy probation officer reported that defendant was "currently on the banked caseload with minimal supervision." In January

2013, he was notified by mail that he was enrolled in the department's telephone reporting system and given instructions on how and when to report by phone. Upon defendant telling her later that same month that he could not afford to pay the $4.00 monthly fee for the system, he was exempted from the fee, but told he was still required to report. In May 2013, Reese accommodated defendant's request that his monthly deadline for paying probation supervision and court fees be moved from the seventh to the twelfth of the month. He was current on his fines and fees, but they had not yet been paid in full, since his probation supervision did not terminate until April 2014 and fees were billed monthly. His supervision fees had been reduced to $22 per month.

Reese further reported that defendant contacted her in February 2013 to say that his limited cell phone service did not allow him to make monthly calls to probation as required and, therefore, he was unable to make these calls unless he traveled to the probation department in East Palo Alto or to Redwood City. Reese told him calls to the telephone reporting system were toll free and could be made from any cell phone of a friend, relative or neighbor, land line, or pay phone. Also, according to Reese, "[m]ost recently, during a telephone conversation the defendant told this officer that being on probation was a 'waste of time' and that his once a month call in requirement was 'too much of a hassle' for him."

Reese recommended that defendant's request for early termination of probation be denied and that he be required to report as directed until his probation terminated on April 19, 2014.

The People filed a written opposition to defendant's motion. After describing the underlying crime and procedural history of the case, the People listed 16 prior convictions suffered by defendant, including 11 prior theft cases. The People argued, "Because the defendant has been essentially a life-time, revolving door criminal and seems to be able to comport himself to the rules of society over the long term, the People suggest that this is not a case for the early termination of probation. Early termination is a privilege granted by a court to a defendant who has shown that he has truly reformed himself and become a productive member of society. [Citation.] While it may be true

4

that the defendant has managed to remain crime-free for the last two years, he has had longer periods of lawfulness in the past that were nevertheless punctuated by a new criminal offense. In fact, the court granted a [section] 1203.4 motion by defendant in 1987 and, still, the defendant's crime spree continued unabated (it was followed by at least 11 other felony and misdemeanor convictions). [¶] This defendant is not a good candidate for early termination of probation based on his prior history."

The People also expressed sympathy for defendant's "current situation." They recommended that the court order his probation transferred to Redwood City so he could report by telephone without having to borrow someone else's phone.

Regarding defendant's motion to dismiss the charges against him pursuant to section 1203.4, subdivision (a), the People contended the court must deny this if it denied defendant's motion to terminate his probation pursuant to the terms of the statute and relevant case law.

At the hearing on defendant's motion, his counsel presented a letter from a pastor of an East Palo Alto Christian center, in which the pastor stated that defendant was "a respected member of our community" who worked with various community-based organizations to help youth and adults whose lives were affected by violence and drugs. The pastor wrote that the church was "proud to have such a humble, caring, intelligent and honest person" as an advisor and example of how to be a productive, tax-paying citizen.

After hearing argument, the court announced that it was denying the motion "because of the defendant's record and further reasons stated by the probation officer in her memo." The court also stated that, although it was the business of the probation department, it recommended that defendant's probation be transferred to East Palo Alto. Defendant then personally addressed the court. He said it was stressful for him to have to call and questioned the need when he had complied with all the terms and conditions of his probation. The court responded, "The reason, sir, is because of your record, and because you agreed to a three-year probationary sentence."

5

Defendant filed a timely notice of appeal.  The appeal is brought pursuant to section 1237, subdivision (b) as an appeal of an order made after judgment, affecting the substantial rights of the party.

## DISCUSSION

Defendant was represented throughout the proceedings by counsel.  We find no indication in the record that counsel provided ineffective assistance.

As for the court's denial of defendant's motion, an appellate court reviews a denial of a motion to terminate probation pursuant to 1203.3, subdivision (a) for abuse of discretion.  (Cf. *In re Gonzales* (1974) 43 Cal.App.3d 616, 620.)  The plain language of section 1203.4, subdivision (a) indicates a court cannot act pursuant to that provision while probation continues.  We conclude the trial court had ample grounds for denying defendant's motion to terminate his probation early, which, therefore, did not constitute an abuse of discretion.  Given this conclusion, the court properly denied defendant's motion pursuant to section 1203.4, subdivision (a) as well.  Also, pursuant to our duty under *Wende* and *Anders*, we have conducted an independent review of the entire record.  It reveals no arguable issues requiring further briefing.

## DISPOSITION

The order is affirmed.

6

_____
Brick, J.*

We concur:

_____
Kline, P.J.

_____
Richman, J.

* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.